Mr. Nevin J. Zimmerman Office of the County Attorney Bay County Post Office Box 70 Panama City, Florida 32402
Dear Mr. Zimmerman:
You ask, on behalf of the clerk of the circuit court, substantially the following question:
May the clerk of the circuit court reimburse the chairman of the Bay Soil and Water Conservation District for the mileage incurred by the chairman in traveling from his place of residence to the district headquarters.
In sum, I am of the opinion that:
The chairman of a soil and water conservation district created pursuant to Ch. 582, F.S., is not authorized to be reimbursed for his mileage incurred in traveling from his place of residence to the district headquarters.
You state that the clerk has been requested by the district chairman to be reimbursed for mileage expenses incurred by the chairman in traveling from his residence to the district headquarters. You ask whether the clerk may reimburse such expenses in light of the provisions of s. 112.061, F.S.[1]
According to your letter, the Bay Soil and Water Conservation District [district] was created pursuant to Ch. 582, F.S., for the conservation, development and utilization of the soil and water resources of Bay County.
The governing body of a soil and water conservation district created under Ch. 582, F.S., consists of five elected supervisors who have the authority to designate the chairman of the board of supervisors.[2] Section 582.19(2), F.S., provides:
A supervisor shall receive no compensation for his services, but he shall, with approval of the supervisors of the district, be reimbursed for travel expenses as provided in s. 112.061.
Section 112.061, F.S., is the uniform travel expense aw. The purpose of the statute is to establish uniform rates and limitations applicable to all public officers, employees and authorized persons whose travel expenses are paid by a public agency.[3] The statute does not expressly authorize reimbursement for mileage or traveling expenses incurred in traveling from the residence of a public officer, employee or authorized person to the official headquarters.[4]
In interpreting s. 112.061, F.S., this office has consistently stated that the statute authorizes reimbursement only for travel expenses incurred for travel on official business away from the traveler's official headquarters.[5] Thus, this office has stated that officers, employees or authorized persons of a public agency are not entitled to reimburse under s. 112.061, F.S., for travel expenses incurred in traveling from their home to their official headquarters.[6]
Such an interpretation is in keeping with the general principal that "[u]nless the legislature has expressly and explicitly included in the expenses to be allowed public officers the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge."[7]
I am not aware of any provision of state law which authorizes the supervisors of a soil and water conservation district to be compensated for their expenses in traveling to and from their homes and the district headquarters, nor have you directed my attention to any such provision.[8]
Accordingly, I am of the opinion that, in the absence of specific legislative authorization, the clerk of the circuit court is not authorized to reimburse the mileage of the chairman of a soil and water conservation district in traveling to and from his residence and his official headquarters.
Sincerely,
Robert A. Butterworth
Attorney General
RAB/tjw
[1] The county has apparently entered into a contract for services with the district. No comment is expressed herein regarding the provisions of said contract; rather this opinion is limited to a consideration of the reimbursement of the chairman's mileage in traveling from his place of residence to the district headquarters under state law. See, s. 16.01(3), F.S., authorizing the Attorney General to issue opinions to public officials on questions requiring the interpretation of state law.
[2] Section 582.19(1) and (2), F.S.
[3] Section 112.061(1)(a), F.S. And see, s. 112.061(2)(a), F.S., defining "Agency or public agency" for purposes of this section to mean "[a]ny office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city . . . municipality, or any other separate unit of government created pursuant to law."
[4] Compare, e.g., 480.035(6), F.S., expressly authorizing members of the Board of Massage to receive per diem and mileage as provided in s. 112.061, F.S., from their place of residence to the place of the board meeting and return.
[5] See , e.g., AGO's 83-37, 77-123, 77-117 and 74-132. And see, s. 112.061(4), F.S., which provides in part that "[t]he official headquarters of an officer or employee assigned to an office shall be the city or town in which the office is located . . . ."
[6] See, e.g., AGO's 78-84 (members of airport authority not entitled to reimbursement under s. 112.061, F.S., for travel expenses in traveling to and from their homes and the airport authority office); 75-237 (school board members not entitled to reimbursement under uniform travel expense law in traveling from their homes to the district administrative offices). And see, AG 86-1, stating that in those instances where a public official travels to a meeting away from his official headquarters and such travel begins at his home rather than the official headquarters, the reimbursable travel expenses will be calculated on the shorter of the two distances — either from the traveler's residence or from his headquarters to the place where the official duties are to be performed.
[7] 67 C.J.S. Officers s. 225a. Accord, AGO's 64-21 (circuit judges); 72-248 (state attorneys); 74-132 (district court of appeal judges); 75-237 (school board members); 78-84 (airport authority members); 82-34 (county employees); 86-1 (special district board members); and 86-77 (assistant state attorney).
[8] Cf., s. 112.061(7)(d)2., F.S., authorizing vicinity mileage" and AGO 75-237 concluding that school board members are not entitled to reimbursement for mileage in traveling from their homes to the official headquarters; however, they are entitled to "vicinity mileage" when it is officially authorized and clearly shown to be necessary to carry out their official duties.